IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GEORGE MOORE on behalf of himself and others similarly situated, | : : : | |
| Plaintiff, | : : | Case No. 1:19-cv-5413 |
| v. | : : | Hon. Virginia M. Kendall |
| SAVING INSURANCE AND FINANCIAL SERVICES, INC., BRIAN SAVING, INSURED BY WADZ, LLC, RICHARDSON MARKETING GROUP, LLC and DERYCK RICHARDSON | : : : : : : | |
| Defendants. | : / | |

**MOTION FOR CLERK'S ENTRY OF DEFAULT AGAINST
RICHARDSON MARKETING GROUP, LLC AND DERYCK RICHARDSON**

COMES NOW Plaintiff George Moore and pursuant to Fed. R. Civ. P. 55(a), hereby files this Motion for Clerk's Entry of Default against Defendants Richardson Marketing Group, LLC and Deryck Richardson ("Defendants") in the above-styled action, respectfully requesting that the Clerk of Court enter default against Defendants because Mr. Richardson has failed to serve or file an answer to Plaintiff's claims in this action within the time permitted by law or otherwise. Furthermore, Richardson Marketing Group, LLC, a corporation, has failed to have an appearance entered by an attorney despite multiple warnings by this Court.

Federal Rule of Civil Procedure 12(a), entitled "Time to Serve a Responsive Pleading," provides in pertinent part that "[a] defendant must serve an answer within 21 days after being served with the summons and complaint." See Fed. R. Civ. P. 12(a)(1)(A)(i). Federal Rule of Civil Procedure 55(a), entitled "Entering a Default," provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that

failure is shown by affidavit or otherwise, the clerk <u>must</u> enter the party's default." See Fed. R. Civ. P. 55(a) (emphasis added).

Here, the Plaintiff filed his First Amended Complaint on November 27, 2019. *See* ECF No. 22. Both Mr. Richardson and Richardson Marketing Group, LLC was served in December of 2019 with their responsive pleading due January 2, 2020. *See* ECF No. 24. However, neither Defendant has filed a responsive pleading. In fact, during multiple status conferences Richardson Marketing Group was advised it would need counsel in order to continue to appear in this matter. Accordingly, the Plaintiff requests that the Clerk enter the Defendants' default pursuant to Fed. R. Civ. P. 55(a).

## **CONCLUSION**

WHEREFORE, for the reasons set forth herein, the Plaintiff respectfully requests that the Clerk of Court enter default against Defendants pursuant to Fed. R. Civ. P. 55(a).

Dated: April 2, 2020 PLAINTIFF,

By:

*/s/ Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

### CERTIFICATION OF COUNSEL

I hereby certify that the foregoing **MOTION FOR CLERK'S ENTRY OF DEFAULT AND MEMORANDUM IN SUPPORT THEREOF** has been prepared with Times New Roman, 14 point font, one of the font and point selections approved by the Court in LR 5.1B.

*/s/ Anthony I. Paronich*
Anthony I. Paronich

### CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of April, 2019, I electronically filed the foregoing **MOTION FOR CLERK'S ENTRY OF DEFAULT AND MEMORANDUM IN SUPPORT THEREOF** with the Clerk of the Court using the CM/ECF system and have sent a copy to counsel for the Defendants.

*/s/ Anthony I. Paronich*
Anthony I. Paronich